**Affirmed and Opinion Filed January 26, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

**Nos.**

**05-20-01033-CR**

**05-20-01034-CR**

**05-20-01035-CR**

**CHRISTIAN COLE DONIHOO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 416-83060-2020 ct. 1, 416-83060-2020 ct. 2, 416-83060-2020 ct. 3**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Following a five–day jury trial, Appellant was convicted of continuous sexual abuse of a child, indecency with a child by exposure, and sexual assault of a child. The trial court set punishment at 30 years' confinement for the continuous sexual abuse conviction, 10 years' confinement for the indecency with a child by exposure conviction, and 20 years' confinement for the sexual assault of a child

conviction. In three issues on appeal, appellant argues that the evidence is insufficient to support each of his convictions. We affirm.

Facts

Appellant was accused of sexually abusing his half-brother, identified as "J.D." Appellant is nine years older than J.D. Although he was eighteen years' old at the time of trial, J.D. is intellectually disabled and took special education classes in school. At trial, J.D. recounted the sexual abuse he suffered at the hands of appellant. When J.D. was twelve years old, appellant came into his room and asked him if he wanted to "feel something." Appellant "stuck it in" him. J.D.'s body felt strange and clogged and he went to the bathroom to check. During the time J.D. was in the sixth grade through tenth grade, appellant would come into his room at night while J.D. was sleeping and flip him over onto his back. J.D. would wake up, his butt would feel clogged, and white stuff would come out.

On a few occasions, J.D. saw appellant's penis; on one occasion, appellant asked him to suck his penis. More than once, appellant put his mouth on J.D.'s penis. When J.D. was in middle school, appellant would "rub white stuff" on him all the time. Appellant also showed J.D. pornographic videos and asked J.D. if he wanted him to do "this" to him.

J.D. was forensically interviewed twice. In the first interview, which was conducted in October 2018, J.D. did not admit any sexual abuse to the interviewer. Instead, J.D. told the interviewer that he had spoken to members of his family

–2–

between the outcry and his interview and made excuses for appellant. J.D. was forensically interviewed a second time in November 2018. In this second interview, J.D. acknowledged the sexual abuse. J.D. told the interviewer that when he was thirteen years old, appellant came into his room and asked him if he wanted to feel something; when J.D. responded in the affirmative, appellant put his "pecker" in J.D.'s butt. J.D. told the interviewer that it hurt, but not enough to go to the hospital, and that he felt "clogged up." J.D. also told the interviewer that when he was in a hotel room with appellant, appellant showed him a video of a woman performing oral sex on a man and told J.D., "I want to do that to you." Later that night, while J.D. was sleeping, appellant pulled J.D.'s underwear down to his knees and sucked on his penis; "white stuff" came out and appellant licked it.

J.D. further told the interviewer that routinely from the time that he was thirteen, appellant would go into his room, remove J.D.'s underwear, put his penis in J.D.'s butt, turn J.D. around and suck on his penis. Appellant would ejaculate on J.D.'s back. J.D. also underwent a sexual-assault examination in November 2018. During that examination, J.D. told the nurse that appellant put his penis in his butt and showed him a video of a woman performing oral sex on a man. J.D. also told the nurse that he bathed and defecated before the exam.

Appellant was interviewed by police. During the interview, appellant admitted that he had shown J.D. a pornographic video, that he masturbated in front

of J.D. (but did not know if J.D. had seen it), that he penetrated J.D.'s anus with his penis once a week, and that he sometimes penetrated J.D.'s anus with his finger.

Standard of Review

In reviewing a challenge to the legal sufficiency of the evidence, this Court examines the evidence in the light most favorable to the judgment to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). The factfinder determines the credibility of the witnesses and the weight to be given their testimony. *Wise v. State,* 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Thus, this Court may not re-evaluate the weight and credibility of the evidence and substitute its judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *holding modified on other grounds by Guidry v. State*, 9 S.W.3d 133 (Tex. Crim. App. 1999).

When the reviewing court is faced with a record supporting contradicting inferences, the court must presume that the factfinder resolved any such conflicts in favor of the prosecution and defer to that determination. *See Wise,* 364 S.W.3d at 903. A factfinder may support its verdict with reasonable inferences drawn from the evidence, and it is up to the factfinder to decide which inference is most reasonable. *Laster v. State*, 275 S.W.3d 512, 522-23 (Tex. Crim. App. 2009).

## Continuous Sexual Abuse of a Child

To convict appellant of continuous sexual abuse of a young child, the State was required to prove that appellant committed two or more acts of sexual abuse during a period of thirty days or more against J.D.; at the time of each act of sexual abuse J.D. was younger than fourteen years of age; and Appellant was seventeen years of age or older. *See* TEX. PENAL CODE ANN. § 21.02(b). Here, the State alleged that the predicate acts of sexual abuse were (1) causing J.D.'s anus to contact appellant's male sexual organ; (2) causing J.D.'s sexual organ to contact appellant's mouth; and (3) causing the penetration of J.D.'s anus with appellant's finger. "The testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child." *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.) (citing article 38.07(a) of the Texas Code of Criminal Procedure).

J.D. testified that appellant put his penis in J.D.'s anus when he was in the sixth through tenth grades. J.D. was younger than fourteen years old in sixth grade, seventh grade, and the beginning of eighth grade. Appellant also admitted to this conduct in his statement to police. Thus, the evidence was sufficient to prove that appellant committed two or more acts of sexual abuse by contacting and penetrating J.D.'s anus with his penis during a period of thirty days or more.

<u>Indecency with a Child by Exposure</u>

To convict appellant of indecency with a child by exposure the State was required to prove that appellant, with intent to arouse or gratify the sexual desire of any person, exposed any part of his genitals to J.D., a child younger than 17 years old, knowing J.D. was present. TEX. PENAL CODE ANN. § 21.11(a)(2)(A). A child victim's testimony alone is sufficient to support a conviction for indecency with a child. *See Keller v. State*, 604 S.W.3d 214, 226 (Tex. App.—Dallas 2020, pet. ref'd) (citing article 38.07 of the Texas Code of Criminal Procedure).

Appellant argues that the evidence is insufficient to support his conviction because "[t]here is no testimony or any type of evidence in the record that describes, alludes to, suggests, confirms[,] or corroborates there ever being a situation where appellant exposed his genitals to J[.]D[.]…." According to appellant, "[i]n each and every description where J[.]D[.] is discussing the alleged interaction between J[.]D[.] and appellant, J[.]D[.] is either asleep and did not see anything or appellant did not expose his genitals." Appellant's argument ignores key testimony presented at trial. J.D. testified that he saw appellant's penis "[a] couple of times when [he] was awake." J.D. specifically remembered one night when he was fourteen or fifteen, he woke up and appellant was in front of him and asked him to suck on his penis. Thus, the evidence was sufficient to prove that appellant exposed any part of his genitals to J.D., a child younger than 17 years

old, knowing J.D. was present with intent to arouse or gratify the sexual desire of any person.

Sexual Assault of a Child

To convict appellant of sexual assault of a child, as alleged in the indictment, that State had to prove that he intentionally or knowingly caused J.D.'s anus to contact appellant's male sexual organ, and J.D. was under the age of 17 years old. TEX. PENAL CODE ANN. § 22.011(a)(2)(C), (D). A child victim's testimony alone is sufficient to support a conviction for sexual assault of a child. *See Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd) (citing article 38.07(a) of the Texas Code of Criminal Procedure).

Appellant argues that the evidence is insufficient because there was no evidence that J.D. was awake or otherwise saw appellant's mouth on his penis. The State was not required, however, to prove that appellant put his mouth on J.D.'s penis in order to secure a conviction for count three. Count three alleged that appellant contacted J.D.'s anus with his male sexual organ. Appellant appears to acknowledge the allegation in count three of the indictment early on in his argument regarding the sufficiency of the evidence to support his conviction under this count, but later confuses what was alleged. Regardless of appellant's argument, the evidence is sufficient to support his conviction.

J.D. testified that appellant put his penis in J.D.'s anus when he was in the sixth through tenth grades. J.D. was older than fourteen years old and younger than

seventeen years old in the ninth and tenth grades. Appellant also admitted to this conduct in his statement to police. Thus, the evidence was sufficient to prove that appellant committed sexual assault of a child by causing his sexual organ to contact J.D.'s anus.

### Lack of Corroboration

In all three issues on appeal, appellant claims that the evidence is insufficient because there was no physical evidence to support J.D.'s claims of repeated anal penetration. Corroboration of a victim's testimony by medical or physical evidence is unnecessary. *Perez v. State*, No. 05-19-01225-CR, 2021 WL 869636, at *5 (Tex. App.—Dallas Mar. 9, 2021, no pet.) (mem. op., not designated for publication). Thus, the lack of physical injuries or other physical evidence showing that J.D. had been repeatedly anally penetrated does not render the evidence insufficient. *See id.*

In all three issues on appeal, appellant claims that the evidence is insufficient to support all three convictions because DNA was not found on J.D.'s bedsheets, clothing, or any of the samples taken during the sexual assault examination. According to appellant, because J.D. reported that he had been assaulted the day before the examination and reported that appellant's semen had been on his bed the night before, DNA should have been located on items in J.D.'s bedroom and on the intimate samples collected during the examination. According to appellant, DNA evidence was necessary to secure a conviction in this case.

As discussed above, corroboration of a victim's testimony by medical or physical evidence is unnecessary. *Perez*, 2021 WL 869636, at *5; *see also*, *Pena v. State*, 441 S.W.3d 635, 641–42 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) ("The absence of DNA or fingerprint evidence at trial does not render the other evidence insufficient to support the conviction."). Thus, the lack of DNA evidence in J.D.'s bedroom or on the intimate samples collected during the sexual assault examination does not render the evidence insufficient. *See Perez*, 2021 WL 869636, at *5; *see also*, *Pena*, 441 S.W.3d at 641-42.

Moreover, by its verdict, the jury found J.D.'s allegations of repeated sexual abuse to be credible despite the lack of DNA evidence to corroborate his allegations. J.D. testified that the night before his sexual assault examination, appellant anally assaulted him, ejaculated on him, and rubbed it on his back; J.D. rolled over on the bed and there was a big stain on the bed. But appellant's DNA was not found on the bedsheets and boxer shorts that were collected from J.D.'s room or on any of the intimate samples taken during the sexual assault examination. The lack of DNA can be explained by the salient facts that J.D. had both defecated and bathed between the assault and the examination and J.D. was unsure of what had happened to his sheets while he was at school the day after the assault. The jury heard all of this evidence and by its verdict resolved any credibility issues in favor of the State. This Court may not disturb its determination. *See Perez*, 2021 WL 869636, at *5 (the evidence was sufficient to

support conviction for continuous sexual abuse of a child where victim testified regarding the sexual abuse although the sexual assault examination did not reveal any physical injuries to the victim).

Witness Credibility

In all three issues on appeal, appellant argues that the evidence is insufficient to support his convictions because J.D.'s testimony is not credible. According to appellant, J.D.'s testimony was not credible because (1) he was asleep during the assaults and the assaults were merely "wet dreams"; (2) he is intellectually disabled; (3) his testimony was "all over the place"; and (4) when confronted with a prior inconsistent statement, J.D. acknowledged that the statement was not true as if he were unaware that he was the original speaker.

The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Wise*, 364 S.W.3d at 903. It is the jury's prerogative to weigh the evidence, to judge credibility, and to choose between conflicting theories of the case. *Merritt v. State*, 368 S.W.3d 516, 527 (Tex. Crim. App. 2012). It is not this Court's responsibility to re-evaluate the jury's credibility determinations. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

## Conclusion

We overrule appellant's issues on appeal and affirm his convictions.


/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
201033F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

CHRISTIAN COLE DONIHOO, Appellant

No. 05-20-01033-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-83060-2020 ct. 1.
Opinion delivered by Justice Bill Pedersen, III. Justices Partida-Kipness and Nowell participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 26th day of January, 2023.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTIAN COLE DONIHOO,
Appellant

No. 05-20-01034-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-83060-
2020 ct. 2.
Opinion delivered by Justice Bill
Pedersen, III. Justices Partida-Kipness
and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of January, 2023.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

CHRISTIAN COLE DONIHOO,
Appellant

No. 05-20-01035-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-83060-
2020 ct. 3.
Opinion delivered by Justice Bill
Pedersen, III. Justices Partida-Kipness
and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 26th day of January, 2023.